UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Julian E. Rochester, # 171519, | ) | C/A No. 6:12-0236-RBH-KFM |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Report and Recommendation** |
| | ) | |
| M. V. Laubshire, *SCDC Counsel*, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____

### *Background of this Case*

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff is under an Order of Pre-Filing review. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, by the Honorable William B. Traxler, Jr., (then) United States District Judge.

Plaintiff, on October 18, 1990, in the Court of General Sessions for Oconee County, was convicted, pursuant to a jury's verdicts, of first-degree criminal sexual conduct with a minor, second-degree criminal sexual conduct with a minor, and assault and battery of a high and aggravated nature. Plaintiff was acquitted on other charges. He received an "active" sentence of fifty (50) years. The SCDC website (www.doc.sc.gov, last visited on January 31, 2012) indicates that Plaintiff will be eligible for parole on January 5, 2013, but his projected release date is January 11, 2023.

In *Julian Edward Rochester v. SCDC and Attorney General Charles Condon*, C.A. No. 2:98-0146-21AJ, Plaintiff on January 22, 1998, brought a habeas corpus action concerning his 1990 convictions.  The Honorable Robert S. Carr, United States Magistrate Judge, on January 23, 1998, authorized service of the § 2254 petition and directed the respondents to file a return.  The respondents filed a return and a motion for summary judgment.  On March 10, 1998, Magistrate Judge Carr apprised Plaintiff of dispositive motion procedure, as required by *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff on March 16, 1998, and on March 20, 1998, responded to the motion for summary judgment.

In a Report and Recommendation filed in C.A. No. 2:98-0146-21AJ on March 23, 1998, Magistrate Judge Carr recommended that the respondents' motion for summary judgment be granted.  The parties in the case were apprised of their right to file timely written objections and of the serious consequences of a failure to do so.  Plaintiff filed objections and two (2) amended objections to the Report and Recommendation.  On April 10, 1998, the Honorable William B. Traxler, Jr., (then) United States District Judge, granted the respondents' motion for summary judgment.  The Clerk of Court entered the judgment in C.A. No. 2:98-0146-21AJ on April 13, 1998.

Plaintiff's appeal in C.A. No. 2:98-0146-21AJ (Fourth Circuit Docket No. 98-6613) was not successful.  On September 17, 1998, the United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal, and the Supreme Court of the United States later denied discretionary appellate review. *Rochester v. South Carolina Department of Corrections*, No. 98-6613, 161 F.3d 3 [Table], 1998 WL 647150 (4th Cir. Sept. 17, 1998), *cert. denied*, 525 U.S. 1080 (1999).

2

## *Plaintiff's Complaint*

In the above-captioned case, Plaintiff has brought suit against, *inter alia*, officials and employees of the SCDC and the State of South Carolina, United States District Judges and United States Magistrate Judges who had been assigned to handle Plaintiff's prior cases, law firms and attorneys who have represented state officials in prior litigation filed by Plaintiff in state and federal courts, and local law enforcement and government officials in counties where Plaintiff has had prior litigation, state judges and Justices, two former Presidents of the United States, his court-appointed counsel, United States Circuit Judges, a hospital, and various state and federal government officials. Plaintiff alleges, *inter alia,* that the Defendants have taken his legal papers, kept him in "kidnapped" status, and have conspired to have Plaintiff killed and raped.

## *Discussion*

It can be judicially noticed that Plaintiff has filed more than three prior frivolous cases in this court.   *See, e.g.,* 28 U.S.C. § 1915(g).  The cases in which "strikes" have been entered against Plaintiff are displayed in the table below:

| Case Name | Civ. Act. No. | Date Strike Entered | Docket Entry of Order |
|---|---|---|---|
| Rochester v. E. Delane Rosemond, *et al.* | 2:09-1809-HMH-RSC | July 9, 2009 | ECF Entry No. 6 |
| Rochester v. State of South Carolina; 1000 Defendants; George W. Bush; *et al.* | 2:08-3269-HMH-RSC | September 26, 2008 | ECF Entry No. 5 |

3

| Rochester v. South Carolina Department of Corrections, *et al.* | 2:06-3085-HMH-RSC | November 1, 2006 | ECF Entry No. 3 |
| Rochester v. J. Strom Thurmond, Jr., *et al.* | 2:03-3373-HMH-RSC | October 31, 2003 | ECF Entry No. 2 |
| Rochester v. State of South Carolina, *et al.* | 2:03-2057-HMH-RSC | August 12, 2003 | ECF Entry No. 8 |
| Rochester v. United States District Court for Northern District of Georgia | 2:02-3802-HMH-RSC | November 19, 2002 | ECF Entry No. 2 |

The table above reflects the Court of Appeals' dispositions of Plaintiff's appeals in C.A. No. 2:08-3488-HMH-RSC (Fourth Circuit Docket No. 08-8404) and in C.A. No. 2:08-3577-HMH-RSC (Fourth Circuit Docket No. 08-8405), where the Court of Appeals found that two prior cases should *not* have been considered as "strikes." *See Rochester v. State of South Carolina*, No. 08-8404, 354 Fed.Appx. 761, 2009 WL 4506461 (4th Cir. Dec. 4, 2009); and *Rochester v. State of South Carolina*, No. 08-8405, 361 Fed.Appx. 440, 2009 WL 4547020 (4th Cir. Dec. 4, 2009).  *See also McLean v. United States*, 566 F.3d 391, 395 (4th Cir. 2009) (noting the dismissal of an action *without prejudice* for failure to state a claim may not count as a "strike" under the PLRA).

This Court may take judicial notice of the aforementioned civil actions.  *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).  *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *Mann v.*

4

*Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954) (approving district court's taking judicial notice of prior suit with same parties: "We think that the judge below was correct in holding that he could take judicial notice of the proceedings had before him in the prior suit to which Mann and the Distilling Company as well as the bank were parties."); and *Long v. Ozmint*, 558 F. Supp. 2d 624, 629 (D.S.C. 2008).

The "three strikes" rule of the Prison Litigation Reform Act (PLRA), codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgement in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This "three-strikes" rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the statutory filing fee.

To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay in full the filing fee. Nevertheless, all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even if the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

### *Recommendation*

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Entry No. 2) be **denied**.  It is further recommended that, in this case, the District Court give Plaintiff twenty-one (21) days from the date the United States District Judge rules on this Report and Recommendation (or by a specific date determined by the United States District Judge) to pay the full $350 filing fee, so that this matter can be returned to the undersigned magistrate judge to conduct a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to pay the full $350 filing fee within the time period set by the United States District Judge, it is further recommended that, by additional order of this District Court, the Complaint be dismissed *without prejudice* and without issuance and service of process.

For **future** *non-habeas civil actions filed by Plaintiff in this Court*, it is recommended that the District Court modify Plaintiff's Order of Pre-Filing Review (Misc. No. 2:95-MC-131) to authorize the Clerk of Court to assign civil action numbers (for docket control purposes) and to authorize the assigned magistrate judge to use the General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), to direct Plaintiff to pay the statutory filing fee in such future non-habeas civil actions.   Payment of the *statutory* filing fee is recommended because it is possible that the Congress may, in the future, change the amount of the statutory filing fee.  Over the past twenty-five years, the statutory filing fee has increased from seventy dollars to three hundred fifty dollars.  This modification would not affect habeas corpus actions filed by Plaintiff.

6

The undersigned has made the same recommendation in *Julian Rochester v. Lt. B. DeGeorgis, et al.*, C.A. No. 6:11-3221-RBH-KFM.  *See* Report and Recommendation (ECF No. 20 in C.A. No. 6:11-3221-RBH-KFM) filed on December 12, 2011, which is pending before the District Court.

The United States District Court for the District of Oregon has utilized a similar procedure for cases filed by Plaintiff in that district court.  In the District of Oregon, Plaintiff has filed at least two cases against United States District Judges and United States Magistrate Judges of the District of South Carolina as well as United States Circuit Judges of the United States Court of Appeals for the Fourth Circuit.  The United States District Court for the District of Oregon noted that Plaintiff was "struck out," concluded that Plaintiff is delusional, and directed him to pay the statutory filing fee.  Furthermore, the United States District Court for the District of Oregon apprised Plaintiff that, even if he paid the statutory filing fee, the case would still be summarily dismissed.  *See* Order (ECF No. 4) of the Honorable Michael R. Hogan, United States District Judge, in *Julian Rochester v. J. Michelle Childs, et al.*, C.A. No. 3:11-cv-01163-HO (D. Or.).  Plaintiff's attention is directed to the Notice on the next page.


February 2, 2012                          s/ Kevin F. McDonald
Greenville, South Carolina        United States Magistrate Judge

7

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk of Court**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).