IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Julian E. Rochester, # 171519, ) | Civil Action No.: 6:12-cv-00236-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| M. V. Laubshire; SCDC Counsel; et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff is an inmate at the Perry Correctional Institution of the South Carolina Department of Corrections (SCDC). Plaintiff is under an Order of Pre-Filing Review from this Court. *See Graham v. Riddle*, 554 F.2d 133, 134-135 (4th Cir. 1977); and Order of January 29, 1996, in the matter entitled *In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, Doc. # 6, by the Honorable William B. Traxler, Jr., then-United States District Judge.

In the above-captioned case, Plaintiff has brought suit against a number of individuals – including officials and employees of the SCDC and the State of South Carolina, United States District Judges and United States Magistrate Judges who had been assigned to handle Plaintiff's prior cases, law firms and attorneys who have represented state officials in prior litigation filed by Plaintiff in state and federal courts, and local law enforcement and government officials – alleging Defendants have taken his legal papers, kept him in "kidnapped" status, and have conspired to have Plaintiff killed and raped.

This matter is before the Court after the issuance of the Report and Recommendation ("R&R") of United States Magistrate Kevin F. McDonald.[1] [R&R, Doc. # 8.] In the R&R, the

---
[1] In accordance with 28 U.S.C. § 636 and Local Rule 73.02, D.S.C. , this matter was referred to United States Magistrate Judge McDonald for pretrial handling.

magistrate recommends that the Court deny Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. # 2] and that the Court strengthen Plaintiff's Order of Pre-Filing to direct Plaintiff to pay the statutory filing fee in such future non-habeas civil actions. [*See* R&R, Doc. # 8.] Plaintiff filed objections on February 9, 2012. [Objections, Doc. # 12.]

## Standard of Review

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

## Discussion

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory

objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court has reviewed Plaintiff's supposed "objections," which fail to take issue with any specific finding in the R&R – he merely takes issue with previous district court findings that have led to his Order of Pre-Filing Review and alleges that Magistrate Judge McDonald and District Judge Harwell, the Undersigned, should recuse themselves from the case. [*See* Objections, Doc. # 12, at 1–7.] Plaintiff has also filed a number of other motions which either attack the Court and the judges handling his cases, or attempt to raise additional substantive issues. Accordingly, none of the "objections" offered by Plaintiff meet the applicable standard set above as they contain no basis for the objections or contain no additional legal argument beyond what is found in Plaintiff's pleadings. These issues were correctly addressed by the magistrate and this Court will not address the issues a second time.

In light of Plaintiff's failure to assert any specific objections to the Report and Recommendation, this Court is not required to respond to his general statements because "a district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *See Monahan v. Burtt*, No. CIVA 205-2201-RBH, 2006 WL 2796390, at *9 (D.S.C. Sept. 27, 2006) (quoting *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988)); *see also Hemingway v. Speights*, No. 3:08–cv–00849, 2009 WL 302319, at *2 (D.S.C. Feb. 6, 2009) (noting that "[a]llowing parties, including *pro se* litigants, to raise new issues or arguments at any point in the life of a case will simply result in a needless multiplication of litigation).

Nonetheless, out of an abundance of caution, this Court addresses two brief points raised in Plaintiff's filings. First, Plaintiff objects to Magistrate Judge McDonald and District Judge Harwell, the Undersigned, hearing this case (and other cases) because they have been previously named as Defendants by Plaintiff. [Objections, Doc. # 12, at 1–4.] It is true that, in at least one case,[2] Plaintiff has named as defendants virtually every judge on the federal and state bench in South Carolina (as well as two former U.S. Presidents and the majority of South Carolina's congressional delegation). *See Rochester v. John Roberts, Chief Justice of Supreme Court of the United States, et al.*, No. 6:12-0586, at Doc. # 1-1.

Generally, where a judge is named as a defendant in a proceeding to which the judge is assigned, federal law requires the judge to disqualify himself in the proceeding. *See* 28 U.S.C. § 455(b)(5)(i). The requirement, however, is not absolute. *See In re Hipp, Inc.*, 5 F.3d 109, 116–17 (5th Cir. 1993); *U.S. v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977); *Horob v. Cebull*, No. CV 11–00066, 2011 WL 2607088, *1 n.1 (D. Mont. July 1, 2011); *Bush v. Cheatwood*, No. Civ.A.1:05CV2923, 2005 WL 3542484, at *1 (N.D. Ga. Dec. 23, 2005). Where a litigant vexatiously sues a judge, or judges, and advances unfounded, spiteful, or frivolous allegations against the judge, then the judge "has the duty to say, 'enough is enough.'" *Mellow v. Sacramento Cnty.*, No. CIV S-08-0027, 2008 WL 2169447, *2 (E.D. Cal. 2008) (citing *Town of Castle Rock, Colo. v. Gonzalez*, 545 U.S. 748, 761–62, (2005) (recognizing that even mandatory requirements under the law are subject to discretion under circumstances of "practical necessity")), *report and*

---

[2] Without seeking leave to add additional parties, Plaintiff appears to have added the Undersigned's name to several documents filed in various pending cases *after* the commencement of the respective actions. However, the Court could not specifically find the Undersigned's name listed in the captions of these cases as filed. Nonetheless, given Plaintiff's numerous, and often incomprehensible, filings before this Court and other district courts across the country, it is possible that the Undersigned has been properly named as a Defendant.

*recommendation adopted by* 2008 WL 3976873 (E.D. Cal. Aug. 21, 2008), *affirmed* 365 Fed. App'x 57 (9th Cir. 2010). A judge may exercise discretion and refuse to recuse himself in proceedings where a litigant is abusing the judicial system. *See In re Hipp, Inc.*, 5 F.3d at 116–17; *Grismore*, 564 F.2d at 933; *Horob*, 2011 WL 2607088 at *1 n.1; *Mellow*, 2008 WL 2169447 at *2; *Bush*, 2005 WL 3542484 at *1. "A judge is not disqualified by a litigant's suit or threatened suit against him [in the context of scurrilous attacks]." *United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986). Thus, "where the allegations are so palpably lacking in merit and integrity, the judge may, and should, remain in the case to deal with the spiteful plaintiff." *Mellow*, 2008 WL 2169447 at *3 (citing *Davis v. Kvalheim*, No. 6:07-cv-566-Orl-31KRS, 2007 WL 1602369, *3 (M.D. Fla. June 1, 2007)). Otherwise, a litigant would have the ability to improperly manipulate the judicial system. This is especially true here, where Plaintiff has made no substantiated allegations against the judges of this Court. It would appear that Plaintiff is doing nothing more than attempting to add judges as parties in order to extend the life span of his cases.

Second, regarding Plaintiff's arguments attacking his Pre-Filing Review Order, the case containing that order was appealed to the United States Court of Appeals for the Fourth Circuit, which ultimately dismissed the appeal. *See In Re: Julian Edward Rochester*, Misc. No. 2:95-MC-131, Doc. # 5.

Additionally, the Order of Pre-Filing Review is more necessary now than it was in 1996. As the magistrate judge correctly noted, this Court has found Plaintiff's cases frivolous on at least six different occasions since 1996. [*See* R&R, Doc. # 8, at 3–4.] In a matter currently pending before the Court, Plaintiff filed a number of crude and sexually explicit drawings in lieu of legal arguments. *See Rochester v. John Roberts, Chief Justice of Supreme Court of the United States, et al.*, No. 6:12-

0586, at Doc. # 16 (available to Court users only).

The Fourth Circuit recently imposed its own pre-filing injunction upon Plaintiff, which prohibits him from appealing any future orders to that Court barring payment of sanctions. *See In Re Rochester*, Nos. 11-1931 and 11-7088, 2012 WL 764443 (4th Cir. March 12, 2012).

> On December 20, 2011, we deferred action on Rochester's pending motions to proceed without prepayment of fees and directed him to show cause why he should not be sanctioned for filing frivolous appeals, petitions, and motions and why he should not be enjoined from filing further appeals, petitions and motions in this court until such sanctions are paid and a district court judge or this court finds that the appeal, petition, or motion is not frivolous. *See* Fed. R.App. P. 38 (permitting sanctions after notice and an opportunity to respond). Rochester did not respond to our order.
>
> In light of Rochester's utter disregard for the limited resources of this court, we order him to pay sanctions in the amount of $500, payable to the clerk of this court, as we have done in similar cases. See In re Vincent, 105 F.3d 943, 945 (4th Cir.1997). We also enjoin Rochester from filing any civil appeal, petition, or motion in this court unless: (i) the sanctions are fully paid; and (ii) a district or circuit judge has certified that the appeal, petition, or motion is not frivolous. Any filing that does not meet these requirements will not be placed on the court's docket.

*In Re Rochester*, 2012 WL 764443, at *2.

Documents submitted by Plaintiff as exhibits in one of his pending cases, *Rochester v. DeGeorgis et al.*, No. 6:11-3221, Doc. # 38, at 4, indicate that the Supreme Court of the United Stateson October 3, 2011, also placed Plaintiff under its own type of pre-filing injunction. *See Rochester v. South Carolina*,181 L.Ed.2d 5, 132 S.Ct. 376 (2011) ("As [Rochester] has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from [Rochester] unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1."). Given Plaintiff's continued abuse of the judicial process, this Court concurs with Magistrate Judge McDonald that Plaintiff's Order of Pre-Filing Review

6

should be strengthened as modified herein.[3]

**Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Plaintiff's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's supposed objections and adopts the magistrate's R&R.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [Doc. # 2] is **DENIED**. Plaintiff shall have twenty-one (21) days from the date of this Order to pay the full $350 filing fee, so that this matter can be returned to the magistrate judge to conduct a review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to pay the full $350 filing fee within twenty-one (21) days from the date of this Order, it is **FURTHER ORDERED** that the Complaint shall be dismissed without prejudice and without issuance and service of process.

**IT IS ALSO ORDERED** that since Plaintiff has not yet paid the full statutory filing fee in this case, all pending motions are DENIED without prejudice.

**IT IS FURTHER ORDERED** that for future non-habeas civil actions filed by Plaintiff in this Court, Plaintiff's Order of Pre-Filing Review (*In Re: Julian Edward Rochester*, Misc. No.

---

[3] This Court notes that in a related habeas matter, this Court has discussed Petitioner's abusive and frivolous filing practices, and warned Petitioner that any future habeas petitions which are successive or frivolous will result in the imposition of sanctions, including a fine or an order barring him from filing any more habeas petitions without prior written permission from the courts. *See* Order Warning Petitioner, Doc. # 17, *Rochester v. D. McCall*, *Warden of Perry Correctional Institution*, No. 6:12-cv-1281 (July 10, 2012).

2:95-MC-131, Doc. # 6) is modified as follows:

(1) The Clerk of Court is authorized to assign civil action numbers (for docket control purposes) and to authorize the assigned magistrate judge to direct Plaintiff to pay the statutory filing fee.

(2) Should Plaintiff fail to pay the full statutory filing fee in any such applicable civil actions, that action will be dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
July 10, 2012